### JOHN BURLACHER v. FANNY WATSON.

In a suit involving title to personal property, the intervenor who is found to be the owner is, as against the plaintiff who had attached the property, and another intervenor who has it in possession, entitled to judgment for possession of the property, and to a judgment against the plaintiff in the alternative for its value under a prayer for general relief.

ERROR from Galveston.    Tried below before the Hon. A. P. McCormick.

Suit originally brought by J. H. Brower & Co. against C. F. Jenny, to recover a debt due the former.    On the twenty-third of January, 1869, plaintiff sued out a writ of attachment, which was levied on the property in controversy.    Afterwards plaintiff in error, John Burlacher, intervened and claimed that Jenny was indebted to him in the sum of $1575, to secure the payment of which he had a lien on the property attached.    On the seventeenth of December, 1869, Fanny Watson also intervened, claiming the property as her own at the time of the levy; that the same had been illegally and wrongfully attached; that the property was worth $2000, and prayed judgment for the property both against J. H. Brower & Co. and C. F. Jenny, and that the same be decreed to be delivered up to her, and in case the same cannot be had, for judgment against J. H. Brower & Co. for $2000, its value.    No judgment was asked against Burlacher aside from the prayer for general relief.

The jury returned the following verdict, viz. :

"We, the jury, find for the intervenor, Fanny Watson, the property mentioned in her bill of intervention, and assess the value thereof at fifteen hundred dollars."

The judgment provided, "That the sheriff and the plaintiff deliver up to said Fanny Watson the said property herein adjudged to her in satisfaction of her judg-

ment herein; and it is further adjudged and decreed, that the intervenor Fanny Watson do have and recover of and from the said plaintiff the sum of fifteen hundred dollars, the value of the property herein adjudged to her, the said Fanny Watson, for which execution may issue, and may be discharged by the plaintiff delivering up said property to said Fanny Watson in full satisfaction of her judgment herein."

*Burroughs & Allen,* for plaintiff in error.

*Spencer & Stewart,* for defendant in error.

WALKER, J.—This is somewhat a novel case. We are not asked to reverse, but to reform the judgment. We do not think it needs any reformation.

John Burlacher, the appellant, was an intervenor in the case, as well as Fanny Watson, the appellee. He averred in his pleading that he was in possession of the property claimed by the appellee.

The jury found the property belonged to her; and under a prayer for general relief the judgment against him, to surrender the property or pay for it, was right and proper, and it is therefore affirmed.

AFFIRMED.